UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| AURORA LOAN SERVICES, L.L.C., | : | Case No. 1:07-cv-143 |
| | : | |
| Plaintiff, | : | Dlott, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| NEPTON SPELLER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S UNOPPOSED MOTION TO DISMISS (Doc. 15) BE GRANTED

This is a foreclosure action brought by Plaintiff Aurora Loan Services, L.L.C. ("Aurora") against Defendants Nepton Speller; Unknown Spouses, if any of Nepton Speller; Unknown Tenants if Any of the subject property, 28 Timea Avenue, Cleves, Ohio; and the Hamilton County Treasurer.  (*See* Doc. 1.)

On May 30, 2007, Aurora filed a motion to dismiss the Unknown Spouses, if any of Nepton Speller, and the Unknown Tenants of 28 Timea Avenue, Cleves, Ohio, as defendants on the grounds that it was unable to identify any such persons.  (Doc. 15.)  No opposition to the motion has been filed.

## DISCUSSION

Rule 21 of the Federal Rules of Civil Procedure, Misjoinder and Non-joinder of Parties, provides in pertinent part as follows:

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

> Misjoinder of parties is not ground for dismissal of an action. Parties may dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.

Fed. R. Civ. P. 21. *See Letherer v. Alger Group, L.L.C.*, 328 F.3d 262, 266-67 (6th Cir. 2003) (holding that Fed. R. Civ. P. 21 is the proper vehicle for the elimination of a party and the dismissal of claims against it); *see also see Glendora v. Malone*, 917 F. Supp. 224, 227 n.3 (S.D.N.Y.1996) ("Clearly, the court may rely on Rule 21 to delete parties that have no connection to the claims asserted."), *aff'd*, 129 F.3d 113 (2nd Cir. 1997).

Pursuant to Rule 21, the Court may exercise its discretion to drop a party whose presence no longer affects the issues being litigated. *Letherer*, 328 F.3d at 267 (citations omitted). Because Aurora is unable to identify any such persons as "Unknown Spouses, if any, of Nepton Speller" and "Unknown Tenants of 28 Timea Avenue, Cleves, Ohio," it appears that they are have no connection to claims asserted and their presence is not required as parties to this action.

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's s motion to dismiss (Doc. 15) be construed as unopposed and **GRANTED,** and that the Unknown Spouses, if any of Nepton Speller, and the Unknown Tenants of 28 Timea Avenue, Cleves, Ohio, be **DISMISSED** from this suit.


Date:  8/28/07                           s/Timothy S. Black
                                         Timothy S. Black
                                         United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| AURORA LOAN SERVICES, L.L.C., | : | Case No. 1:07-cv-143 |
| | : | |
| Plaintiff, | : | Dlott, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| NEPTON SPELLER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof.  That period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).